UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


MOORE                                          CIVIL ACTION


VERSUS                                         NO: 07-2666


DEPARTMENT OF HOMELAND                         SECTION: "R"(5)
SECURITY


**ORDER AND REASONS**

Before the Court is defendant's motion to dismiss plaintiff's suit for insufficient service of process.  For the following reasons, the Court DENIES defendant's motion.


**I.    BACKGROUND**

Plaintiff sued defendant on April 25, 2007, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964. (R. Doc. 1).  Plaintiff seeks: (1) a declaratory judgment that the United States Coast Guard's termination of his employment was unlawful; (2) injunctive relief requiring defendant to reinstate his employment and cease and

desist from racially discriminatory and/or retaliatory conduct;
and (3) compensatory damages and back pay.

## II.  DISCUSSION

Defendant contends in its motion to dismiss that the Court
should dismiss plaintiff's suit because more than 120 days have
passed since plaintiff filed his lawsuit and because plaintiff
failed to properly serve defendant.  The Court does not find that
either argument merits dismissal of this action.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If service of the summons and complaint is not made
> upon a defendant within 120 days after the filing of
> the complaint, the court, upon motion or on its own
> initiative after notice to the plaintiff, shall dismiss
> the action without prejudice as to that defendant or
> direct that service be effected within a specified
> time; provided that if the plaintiff shows good cause
> for the failure, the court shall extend the time for
> service for an appropriate period.

On October 10, 2007, after holding a hearing for plaintiff to
show cause why his case should not be dismissed for failure to
prosecute, the Magistrate Judge ordered the plaintiff to file
proof of service in the record "on or before October 17, 2007."
(R. Doc. 5).  Rule 4(m) explicitly authorizes the Court to direct
that service be effected within a specified time and to extend
the time for service.  The Court finds that plaintiff timely
filed proof of service in the record on October 17, 2007, thereby

2

complying with the Magistrate Judge's Order. (R. Doc. 10).[1]

Defendant further contends that plaintiff failed to effect proper service of process because he failed to include a summons with the service on the U.S. Attorney's office.  A plaintiff can effect service upon the United States in part by "sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney." Fed. R. Civ. P. 4(i)(1)(A).  Counsel for plaintiff signed a certificate of service certifying that he served the United States Attorney for the Eastern District of Louisiana with a copy of the complaint and summons. (R. Doc. 10). Counsel for plaintiff further filed the summons in the record along with a return receipt signed by the civil process clerk at the office of the U.S. Attorney. (*Id.*).  The Court finds that plaintiff has carried his burden of establishing proof of proper service. *See Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981) ("When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity.")

The Court recognizes that there is a factual dispute as to

---

[1] Defendant filed its motion to dismiss on October 16, 2007, a day before plaintiff's deadline to file proof of service in the record.

whether defendant received a summons with the complaint, but finds that the factual dispute should be resolved in favor of the plaintiff and against dismissal. *See, e.g., Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994) (noting that Rule 4 should be "liberally construed to uphold service" if the party receives sufficient notice of the complaint); *Browning v. Petroleum Helicopters, Inc.*, 1995 WL 237024 (E.D. La. 1995). Further, even if the U.S. Attorney never received a summons, both the U.S. Attorney General and the Secretary of the Department of Homeland Security were served with a complaint and summons.  The Court does not find that there is any prejudice to defendant meriting dismissal of this case. *See Chan*, *supra* ("Technical defects in a summons do not justify dismissal unless a party is able to demonstrate actual prejudice.").


**III. CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is DENIED.


New Orleans, Louisiana, this <u>29th</u> day of November, 2007.

*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT COURT

4