```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JERRY MOORE                                       CIVIL ACTION

VERSUS                                            NO: 07-2666

JANET A. NAPOLITANO,                              SECTION: R(5)
SECRETARY, DEPARTMENT OF
HOMELAND SECURITY
```

**ORDER**

Before the Court is plaintiff Jerry Moore's Motion for More Definite Statement. (*See* R. Doc. 87.) For the following reasons, Moore's motion is DENIED.

**I.  BACKGROUND**

From approximately October 1988 to August 1995, Jerry Moore was a civilian Maintenance Mechanic in the Lamp Shop of the Industrial Division of the United States Coast Guard (USCG) Support Center, Maintenance and Logistics Command (MLC) in New Orleans, Louisiana. Moore claims that the United States Coast Guard (USCG) unlawfully discriminated against him on the basis of race, color and disability and in retaliation for pursuing administrative claims of race discrimination.

The murky administrative record in this case reveals the following facts. Moore filed an administrative Equal Employment Opportunity (EEO) complaint before USCG/DOT on April 21, 1995. *See* United States Equal Employment Opportunity Commission, Appeal

No. 01794339, 1998 WL 91957, at *1 (Feb. 24, 1998). Moore's administrative complaint was interpreted as raising the following eight issues:

1. Whether USCG discriminated against Moore when, in an effort to remove Moore from his job, it demanded that he provide medical information regarding his ability to perform his duties;
2. Whether Moore was denied training;
3. Whether Moore was denied an upgrade/promotion in his position;
4. Whether Moore was not assigned road trips that resulted in a loss of overtime;
5. Whether Moore was removed from a task assignment and replaced by another person who benefitted from technical training;
6. Whether Moore had to contact MLC to get his personnel file;
7. Whether Moore was terminated as a result of his disability;
8. Whether USCG deliberately obstructed the administrative process relative to the processing of his class action complaint.

*Id.*

DOT issued a decision on March 27, 1997 accepting issue (1)

for further investigation but dismissing all others. Moore appealed DOT's decision to EEOC on May 1, 1997. *Id*. On February 24, 1998, EEOC affirmed DOT's dismissal of issues (2)-(6) on grounds that Moore failed to cooperate with DOT's investigation. *Id.* at *2 (citing 29 C.F.R. § 1614.107(g)). EEOC also affirmed DOT's dismissal of issue (8) on grounds that the same claim was the subject of a separate administrative action. *Id.* (citing 29 C.F.R. § 1614.107(a)). Lastly, EEOC reversed DOT's dismissal of issue (7) on grounds that it was like or related to a matter that had been brought to the attention of the EEO counselor. *Id.* (citing 29 C.F.R. § 1614.107(b)). EEOC informed Moore that only the first and seventh issues would be remanded to DOT for further investigation, but that he also had a right to file a civil appeal with respect to all issues. *Id.* at *4. Moore did not file a civil action at that time and chose instead to continue pursuing issues (1) and (7) before DOT.

On remand, DOT conducted an administrative investigation and issued a Report of Investigation (ROI) dated March 13, 1998. (*See* R. Doc. 51, Part 2, Report of Investigation.) The ROI investigated the issue whether USCG discriminated against Moore "based on race, color, disability and reprisal when it demanded medical information, regarding [Moore's] ability to perform his duties . . . in an effort to remove him from his job." (*Id.* at 4.) Following its investigation, DOT dismissed Moore's remaining

claims. *See* United States Equal Employment Opportunity Commission, Pet. No. 0320070052, 2007 WL 956520, at *1 (Mar. 23, 2007). Moore appealed DOT's decision to the Merit Systems Protection Board (MSPB). *Id.* DOT's determination was upheld by an MSPB administrative law judge, and a petition to review this decision was denied by the full Board. *Id.* Moore then appealed the MSPB decision to the EEOC, which concurred with the final decision of the MSPB on March 23, 2007. *Id.* EEOC's decision informed Moore of his right to file a civil action "based on the decision of the Merit Systems Protection Board, within thirty (30) calendar days of the date that you receive this decision." *Id.* This action was filed on April 25, 2007.

\* \* \*

On Thursday, September 10, 2009, a final pretrial conference was held in this matter. As a result of issues raised at the conference, a fully briefed motion for summary judgment was denied as premature, and Moore was ordered to file an amended and/or supplemental complaint within fifteen (15) days. (R. Doc. 80.) Napolitano was given twenty (20) days from the filing of the amended complaint to respond. (*Id.*) Moore filed an amended complaint on September 14, 2009 (R. Doc. 74), and Napolitano filed a partial motion to dismiss on October 2, 2009 (R. Doc. 83). Moore filed a motion for more definite statement regarding Napolitano's motion to dismiss on October 7, 2009. (R. Doc. 87.)

## II. STANDARD

A district court will grant a motion for a more definite statement pursuant to Rule 12(e) when the pleading at issue "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). The motion must state the defects in the pleading and the details desired. *See id.* Given the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored. *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). At the same time, the Supreme court has noted that "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). In deciding whether to grant a Rule 12(e) motion, the trial judge is given considerable discretion. *See Newcourt Leasing Corp. v. Regional Bio-Clinical Lab, Inc.*, No. Civ. A. 99-2626, 2000 WL 134700, at *1 (E.D. La. Feb. 1, 2000) (Afrik, J.).

## III. DISCUSSION

Moore moves under Rule 12(e) for a more definite statement with respect to Napolitano's motion to dismiss. As a preliminary matter, Moore has cited no authority permitting a motion for more definite statement in this context, and the court finds none. A motion for more definite statement is authorized with respect to

5

only "a pleading to which a responsive pleading is allowed." Fed. R. Civ. P. 12(e). Permissible "pleadings" include complaints and answers. Fed. R. Civ. P. 7(a). Pleadings do not include "[m]otions and [o]ther [p]apers." Fed. R. Civ. P. 7(b); *see also Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 910-11 (5th Cir. 1993) (motion to dismiss not a pleading); *Walter v. Drayson*, Civ. A. No. 06-00568, 2007 WL 951539, at *1 (D. Haw. Mar. 27, 2007) (collecting authorities). Accordingly, Rule 12(e) does not authorize Moore's motion for more definite statement with respect to Napolitano's motion to dismiss.

In any event, Napolitano's motion to dismiss is neither vague nor ambiguous. According to Napolitano, Moore has administratively exhausted only two claims in this action:

(1) Whether Moore was discriminated against on the account of race (African American), color (Black), disability (back injury) and in reprisal for EEO activity when on February 16, 1995 a manager demanded that Moore provide medical information from his physician regarding his ability to perform his duties; and

(2) Whether Moore was discriminated against on the account of race (African American), color (Black), disability (back injury) and in reprisal for EEO activity when Plaintiff was terminated from employment with the Coast Guard effective August 23, 1995.

6

(*See* R. Doc. 83 at 4.)

These claims correspond roughly to the issues in Moore's April 1995 EEO complaint that were not dismissed and that were investigated by DOT. If Moore believes that any other claims are properly before the Court, he would do well to oppose Napolitano's motion to dismiss by identifying such claims and explaining why they have been administratively exhausted or why they do not need to be. This factually uncomplicated case has been pending, in some form or another, for over 14 years. One summary judgment motion has already been fully briefed, and a proposed pretrial order has been submitted. It is high time for the parties to begin defining and narrowing legal issues.

New Orleans, Louisiana, this 14th day of October, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE