UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JERRY MOORE                                    CIVIL ACTION

VERSUS                                         NO: 07-2666

JANET A. NAPOLITANO,                           SECTION: R(5)
SECRETARY, DEPARTMENT OF
HOMELAND SECURITY

## ORDER AND REASONS

Before the Court is plaintiff Jerry Moore's motion for
reconsideration.[1]  For the following reasons, Moore's motion is
DENIED.

I.    BACKGROUND

From approximately November 1988 to August 1995, Jerry Moore
worked for the United States Coast Guard (USCG) in New Orleans,
Louisiana.[2]  USCG terminated Moore's employment in August 1995.

_____

[1]     (R. 154.)

[2]     At the time of the complaint, USCG was under the
jurisdiction of the United States Department of Transportation
(DOT).  USCG is now under the jurisdiction of the Department of

DHS contends that Moore was removed because he was physically unable to perform the duties of his job, and that his removal promoted the efficiency of the service.  On October 5, 2006, an administrative law judge for the Merit Systems Protection Board (MSPB) found by a preponderance of the evidence that Moore's termination promoted the efficiency of the service.  On March 29, 2010, the Court issued an order finding that the MPSB decision was not arbitrary and capricious, unsupported by substantial evidence, or otherwise not in accordance with law.[3]  Moore now moves for reconsideration of this order.  Moore's motion is DENIED.

## II.  STANDARD

Because Moore's motion for reconsideration was filed within 28 days of the Court's order dated March 29, 2010, the Court treats it as a Rule 59(e) motion to alter or amend a judgment.[4] A district court has considerable discretion to grant or deny a

---

Homeland Security (DHS).  Janet A. Napolitano, the named defendant, is the current Secretary of DHS.  Unless otherwise indicated, references to DHS in this order should be interpreted as references to the defendant.

[3]    (R. 151.)

[4]    *See* Fed. R. Civ. P. 59(e); *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993).

Rule 59(e) motion for reconsideration.[5]  In exercising its

discretion, the Court must "strike the proper balance" between

the need for finality and "the need to render just decisions on

the basis of all the facts."[6]  Reconsideration, however, "is an

extraordinary remedy that should be used sparingly."[7]

Reconsideration "serve[s] the narrow purpose of allowing a party

to correct manifest errors of law or fact or to present newly

discovered evidence."[8]  To succeed on a Rule 59(e) motion,

therefore, a party must "clearly establish either a manifest

error of law or fact or must present newly discovered evidence."[9]

Rule 59(e) motions are "not the proper vehicle for rehashing

evidence, legal theories, or arguments that could have been

offered or raised before the entry of judgment."[10]


## III. DISCUSSION

[5]     *Id.* at 353.

[6]     *Id.* at 355.

[7]     *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also Fields v. Pool Offshore, Inc.*, No. Civ. A. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999).

[8]     *Id.*

[9]     *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

[10]     *Templet*, 367 F.3d at 478-79.

Moore's motion for reconsideration does not present any newly discovered evidence, nor does it demonstrate that the Court has committed a manifest error of law or fact. Instead, Moore's motion simply rehashes arguments that were presented to the court in written briefing and at oral argument on March 17, 2010. The Court's order of March 29, 2010 addresses these arguments and speaks for itself. The Court observes that it did not, as Moore contends, apply Rule 56 summary judgment standards to its review of the MSPB decision. Rather, the Court reviewed the entire administrative record and determined that the MSPB decision was not arbitrary and capricious, unsupported by substantial evidence, or otherwise not in accordance with law.[11] The Court also observed that Moore had "neither identified nor pointed to evidence supporting" any other defenses or nondiscrimination claims in response to DHS's motion for summary judgment.[12] The Court therefore denied Moore's motion to set aside the MSPB decision and granted DHS's motion for summary judgment "to the extent it seeks a determination that the MSPB decision on Moore's nondiscrimination claims was not arbitrary and capricious, unsupported by substantial evidence, or otherwise not in

---

[11] (R. 151 at 26-28.)

[12] (*Id.* at 28.)

accordance with law."[13]

## IV.  CONCLUSION

For the reasons stated, Moore's motion for reconsideration is DENIED.

New Orleans, Louisiana, this 27th day of April, 2010.

_Sarah Vance_
_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[13]    (*Id.* at 29.)